DECISION AND JUDGMENT
{¶ 1} Appellant appeals the sentence imposed upon him in the Lucas County Court of Common Pleas following his guilty plea to possession of cocaine. For the reasons that follow, we affirm. *Page 2 
 {¶ 2} Appellant, Jose Gonzales Echeverria, was named in a 2006 indictment charging him with cocaine possession in a quantity greater that a kilogram, trafficking in cocaine in a quantity greater than a kilogram and possession of criminal tools. A major drug specification, pursuant to R.C. 2941.1410, was attached to both the trafficking and possession counts.
 {¶ 3} Following negotiations, appellant entered a plea pursuant toNorth Carolina v. Alford (1970), 400 U.S. 25, to a single count of cocaine possession in excess of 25 grams which carries a mandatory sentence of from three to ten years incarceration. Following a hearing, the court sentenced appellant to a seven year term of incarceration.
 {¶ 4} From this judgment, appellant now brings this appeal, setting forth a single assignment of error:
 {¶ 5} "The trial court was required to sentence Mr. Gonzales to the minimum sentence allowed by R.C. 2929.14(A) because the severance remedy propounded by the Supreme Court of Ohio in State v. Foster exceeded the severing authority of the Court and resulted in judicial legislation."
 {¶ 6} Appellant's sole argument is that the Supreme Court of Ohio engaged in improper judicial legislation when it severed from Ohio's criminal sentencing statutes a provision that required the imposition of the shortest prison term statutorily authorized absent a finding that the offender had been previously imprisoned or that a short term would "* * * demean the seriousness of the offender's conduct or will not adequately protect the public from future crimes by the offender or others." R.C. 2929.14(B). The *Page 3 
court held that the judicial fact finding necessary for the operation of this provision was offensive to the principles articulated in Apprendiv. New Jersey (2000), 530 U.S. 466, and Blakely v. Washington (2004),542 U.S. 296 and their progeny. State v. Foster, 109 Ohio St.3d 1, 20,2006-Ohio-856, ¶ 61. The court elected to sever the provision, resulting in a conclusion that "* * * trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." Id. at ¶ 100. It is this holding that appellant insists is erroneous.
 {¶ 7} Appellant has essentially asked us to review a decision of the Supreme Court of Ohio. "The appellate jurisdiction of this court permits us to review "judgments or final orders of court[s] of record inferior to the courts of appeals within the district" as well as "orders or actions of administrative officers or agencies." Section 3(B)(2), Article IV, Ohio Constitution. Manifestly, decisions of [t]he Supreme Court of Ohio are outside those classifications.' Thus, we must defer to the authority of the Ohio Supreme Court regarding the constitutionality of Foster." State v. Bell, 176 Ohio App.3d 378, 2008-Ohio-2578, ¶ 130. (Citations omitted.)
 {¶ 8} Accordingly, appellant's single assignment of error is not well-taken.
 {¶ 9} On consideration whereof, the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App. R. 24.
JUDGMENT AFFIRMED. *Page 4 
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist. Loc. App. R. 4.
Peter M. Handwork, J., Arlene Singer, J., James R. Sherck, J. concur. *Page 1